IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONARD K. BAYLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-518-SLR |
| | ) |
| WARDEN PHILLIP MORGAN and | ) |
| JANE OR JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of July 2010, having considered plaintiff's motion for injunctive relief (D.I. 6);

IT IS ORDERED that the motion is **denied** as moot, for the reasons that follow:

1. **Background**. Plaintiff Leonard K. Baylis ("plaintiff"), a prisoner incarcerated at the Howard R. Young Correctional Institution ("HYRCI"), Wilmington, Delaware, filed a motion for preliminary injunction on June 11, 2010, pursuant to 42 U.S.C. § 1983 seeking a replacement for his damaged eyeglasses. The court ordered the warden to respond to the motion. He advises that replacement eyeglasses for plaintiff were ordered and scheduled for delivery to the HYRCI on July 14, 2010, but plaintiff was recently transferred to the West Chester County Prison, West Chester, Pennsylvania. (D.I. 11) (D.I. 11, 13) The warden advises that plaintiff's eyeglasses will be delivered to his probation officer to deliver to plaintiff.

2. **Standard**. When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct

complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

3. **Discussion**. Given the posture of the case, the receipt of the replacement eyeglasses, and plaintiff's transfer to a different prison facility, the court finds that plaintiff in not in danger of suffering irreparable harm. Indeed, it appears his motion for injunctive relief is moot.

4. **Conclusion**. For the above reasons, the court will deny as moot plaintiff's motion. (D.I. 6)

_____<br>UNITED STATES DISTRICT JUDGE